Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>NAZARIO RÍOS MORALES<br><br>Parte Peticionaria | KLCE202500394 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso número: A PD2014G0001 y otros<br><br>Sobre: Art. 99 C.P., Art. 173 C.P. (2 cargos), Art. 4.05 Ley de Armas (2 cargos) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece ante *nos*, Nazario Ríos Morales (Ríos Morales o peticionario) y nos solicita que revisemos una *Resolución* emitida el 13 de marzo de 2025 y notificada el 14 de marzo de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Aguadilla. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte peticionaria.

Por los fundamentos que exponemos a continuación, se *deniega* el recurso de *certiorari* solicitado por Ríos Morales.

**I.**

El 13 de enero de 2025, la parte peticionaria presentó una *Moción bajo la Regla 192.1 de Procedimiento Criminal*. En la misma, arguyó que procedía corregir la *Sentencia* impuesta por ser contraria a derecho. Asimismo, solicitó que se aplicara el principio de

Número Identificador

RES2025 _____

favorabilidad, toda vez que el Código Penal de 2012, según enmendado por la Ley Núm. 246 del 26 de diciembre de 2014, no contiene cláusula de reserva que prohíba la aplicación del principio de favorabilidad.

Consecuentemente, el 16 de enero de 2025, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción bajo la Regla 192.1 de Procedimiento Criminal.* Dicha *Resolución* fue notificada a las partes el 21 de enero de 2025. Así las cosas, el 4 de febrero de 2025, Ríos Morales presentó una *Moción de Reconsideración.* El 13 de marzo de 2025, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración de la parte peticionaria.

Inconforme, el 14 de abril de 2025, la parte peticionaria compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión del siguiente error:

> **Erró el Tribunal de Primera Instancia al emitir una Resolución denegando corregir la pena impuesta en la Sentencia del Artículo 173 (A) Código Penal del 1974 y denegando la aplicación del principio de favorabilidad alegando que la Ley 246 de 2014 contiene una cláusula de reserva**.

El 24 de abril de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Posteriormente, el 9 de mayo de 2025, el Ministerio Público a través de la Oficina del Procurador General presentó una *Solicitud de Desestimación.* Mediante esta, acentuó que no habían sido notificados de la presentación del recurso, por lo que, no se perfeccionó adecuadamente y procede su desestimación.

Subsiguientemente, el 19 de mayo de 2025, Ríos Morales presentó una *Moción en Oposición a la Solicitud de Desestimación.* En la misma, esgrimió que el mismo día de la presentación del

recurso de *certiorari*, le notificó al Ministerio Público a través de la Fiscal de Distrito. Sostuvo que por error y/o inadvertencia no se le notificó al Procurador General, por causa justificada.

Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 2024 TSPR 69, 213 DPR ____ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio. MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135

(2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra*

*vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Así pues, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *Martínez v. Junta de Planificación*, 109 DPR 839 (1980). Reiteramos que la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación, supra.* Incluso, aunque la parte no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares v. E.L.A.*, 144 DPR 601 (1997). Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. Asimismo, la mencionada disposición reglamentaria establece en el inciso (c) que se podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (b), entre estos que el Tribunal de Apelaciones carece de jurisdicción. Además, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, preceptúa que ¨[e]l tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto¨.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *García Ramis v. Serrallés*, 171 DPR 250 (2007).

**B. La presentación y notificación de un recurso de certiorari**

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de *certiorari*, en lo relativo a su presentación y a su notificación está regulado por la Regla 33 del Reglamento del Tribunal de Apelaciones. A esos efectos, la citada Regla 33 establece, entre otras cosas, que:

> [c]uando la notificación electrónica no sea viable, la parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, **así como al Procurador General o a la Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso.** Este término será de cumplimiento estricto. (Énfasis nuestro).[1]

Así pues, estas disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011). La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. *Soto Pino v. Uno Radio Group,* 189 DPR 84 (2013). Como axioma de ese principio, es harto conocido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642 (1987).

**III.**

Como cuestión de umbral, este tribunal intermedio tiene la obligación de auscultar nuestra jurisdicción para atender el recurso de *certiorari* presentado. Un examen cuidadoso del expediente judicial ante esta Curia, demuestra que la parte peticionaria incumplió con el Reglamento del Tribunal de Apelaciones, por lo que el recurso no se perfeccionó adecuadamente.

---

[1] El Reglamento del Tribunal de Apelaciones fue enmendado fue enmendado el 24 de abril de 2025, mediante Aprobación Enmdas. Regl. TA, Resolución ER-2025-01.

El recurso ante *nos* fue presentado en la Secretaría de este Tribunal el 14 de abril de 2025. Surge del expediente que, la parte peticionaria notificó copia del recurso a la Fiscal de Distrito y al TPI. No obstante, la parte peticionaria omitió notificar con copia del recurso al Procurador General, tal y como exige la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*. Ante ello, procede la desestimación del recurso de *certiorari*. Esto, pues el recurso no se perfeccionó adecuadamente, lo que impide la revisión judicial. Véase, *Cárdenas Maxán v. Rodríguez, supra*.

Además, siendo el término para notificar la presentación del recurso de *certiorari* uno de cumplimiento estricto y ante la ausencia de justa causa para el cumplimiento, estamos impedidos de asumir jurisdicción.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones